UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| VANESSA DOUGLAS, et al., | Case No. 2:13-cv-02326-RFB-PAL |
| Plaintiffs, | ORDER |
| v. | (Mot WD – Dkt. #49) |
| JOHN E. STALMACH, et al., | |
| Defendants. | |

Before the court is the Motion to Withdraw as Counsel of Record (Dkt. #49) filed February 17, 2015. The court has considered the Motion, and Defendants' Response to the Motion to Withdraw as Counsel of Record (Dkt. #50).

In a prior Order (Dkt. #48) the court denied Plaintiffs' motion to withdraw as counsel of record which not only requested to withdraw as counsel, but a 120-day extension of the current discovery plan and scheduling order deadlines. The motion did not comply with the requirements of LR IA 10-6(b) by providing proof that the motion to withdraw had been served on the affected client and opposing counsel. The motion to withdraw and request for an extension of the deadlines was therefore denied without prejudice.

In the current motion, Plaintiffs' counsel represents that the Plaintiffs were provided with notice of the request to withdraw in person, and by certified mail, and opposing counsel was served electronically through the court's CM/ECF system. A certificate of service is attached to the motion. The motion also represents that prior to filing the motion to withdraw, counsel attempted to secure a stipulation from all the Defendants to extend the deadlines, but the Defendants would not agree. The request for an extension was made to allow new counsel "to get up to speed on the matter and conduct additional discovery as necessary."

Defendants do not oppose the request to withdraw. Defendants do, however, oppose the request for a 120-day extension of the discovery plan and scheduling order deadlines. The discovery cutoff is currently April 6, 2015, and the court's order indicated that any applications to extend any dates set by the court's discovery plan and scheduling order must satisfy the requirements of LR 6-1 and be supported by a showing of good cause for the extension. Defendants argue that the request for a 120-day extension is excessive and does not comply with the good cause standard required by the court's scheduling order or the requirements of LR 10-6(e) which provides that "except for good cause shown, no withdrawal or substitutions shall be provided if delay of discovery, the trial or any hearing in the case would result."

Having reviewed and considered the matter, the court finds that counsel for Plaintiffs has established good cause for withdrawal. The court appreciates that the request for a 120-day extension of the discovery plan and scheduling order deadlines was probably made to protect the client from any prejudice while new counsel was sought. However, the request does not comply with the requirements of LR 26-4 and the Plaintiffs have not shown good cause for an extension of the deadlines for their failure to keep in contact with their lawyer.

**IT IS ORDERED** that:

1. The Motion to Withdraw (Dkt. #49) is **GRANTED**.
2. The plaintiffs shall have until **March 26, 2015,** in which to retain substitute counsel who shall make an appearance in accordance with the requirements of the Local Rules of Practice, or shall file a notice with the court that they will be appearing in this matter *pro se*.
3. The request for a 120-day extension is **DENIED**.

DATED this 24th day of February, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE